IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE  DIVISION

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

March 31, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

RANDALL LEE STACEL,                    )
                                       )
                Plaintiff,             )    Case No. 7:25CV00723
                                       )
v.                                     )    **OPINION AND ORDER**
                                       )
CHATHAM JAIL, et al.,                  )    JUDGE JAMES P. JONES
                                       )
                Defendants.            )

*Randall Lee Stacel, Pro Se Plaintiff.*

The plaintiff, a former inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that the defendants used excessive force against him when he was incarcerated.

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006).  A pro se complaint must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, even under this less stringent standard, pro se claims are subject to sua sponte dismissal "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Stacel presents his claims under § 1983, a statute that permits an aggrieved party to file a civil action against a person for actions taken under color of state law

that violated his constitutional rights.  *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).  Stacel names several defendants, including Chatham Jail and Chatham, Virginia.  However, such entities are not "persons" who are subject to suit under § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) (concluding that the State, governmental entities that are considered "arms of the state," and officials acting in their official capacities, are not "persons" subject to suit under § 1983").

Accordingly, Stacel's claims against Chatham Jail and Chatham, Virginia, must be summarily dismissed and only claims against Sgt. Worley and Officer Johnson will remain at this time.

For the foregoing reasons, it is **ORDERED** that Stacel's claims against Chatham Jail and Chatham, Virginia are **DISMISSED** without prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and the Clerk shall terminate those defendants on the docket in the case.

ENTER:  March 31, 2026

/s/  JAMES P. JONES
Senior United States District Judge